### SMITH v. THE STATE.

1. The statute of 1807, punishing the offence of sending a challenge to fight a duel, is, as to that offence, repealed by the act of 1819.

2. Since the statute of 1819, the mere giving a challenge to fight a duel, is not punishable in this State, either by statute or common law, unless a combat takes place.

SAMUEL SMITH was indicted in the Circuit Court of Bibb county, at the April term, 1828, on a charge of challenging one Daniel Williams to fight a duel. The indictment was in two counts; the first charged the challenging specially in those words, "will you fight me with a gun, will you take a shot with me;" and those further words, "stay here and I will go home and get my gun and give you a shot any how." The second count charged generally a challenging to fight a duel with deadly weapons.

It was insisted by the counsel for the defendant, at the trial below, that the indictment charged a mere challenge to fight a duel, and no offence punishable by any statute in force in this State. But the Court decided that although it should not be a statutory offence, yet that the offence charged was punishable at common law; and instructed the jury that they might find the defendant guilty of an offence at common law and assess a fine, and that the Court could, if requisite, superadd imprisonment. There was no writing given in evidence. The defendant was fined $500 by the jury, and sentenced to thirty days imprisonment by the Court; but at the instance of the defendant's counsel, the cause was sent to this Court for

revision, as presenting novel and difficult points, and the execution of the judgement was suspended..

Pickens, for the appellant, cited Laws of Ala. 261, 263, and 214.

Perkins, Attorney General for the State, relied on the act of 1804, [a] act of 1819, [b] and the 45th section of the act of 1807, which repeals the fine to be imposed by the first, and as to challenging, leaves the offence as at common law, as recognized by 4 Blk. Com. 150, and sanctioned by 3 East's Rep. 581.  5 East 464, 471.  3 Chitty Cr. Law 157–8.

JUDGE PERRY delivered the opinion of the Court.

THE question proposed arises out of the statute passed in 1807, and the one passed in 1819; the first of which provides, "that if any person or persons shall deliver, offer, or send any challenge in writing, verbally or otherwise, to fight a duel," &c. "the person or persons so offending, their aiders or abetters, and each of them, shall, on conviction thereof, be fined in the sum of one thousand dollars, and be imprisoned twelve callendar months, and be rendered incapable of holding any office of honor, profit, or trust, under the government of this territory, for and during the term of five years from the time of such conviction."  The General Assembly in 1819, made the following provision, "that if any person or persons be engaged, either as principals or seconds, in fighting a duel; or in other words, fighting in single combat with any deadly weapons, the principals and seconds, and every person or persons directly or indirectly concerned therein, either in sending, giving, accepting, or conveying any such challenge, knowing or believing it to be such, their counsellors, aiders, or abetters, upon being thereof lawfully convicted, shall be imprisoned three months, and shall severally forfeit and pay a fine to be assessed by any Court having jurisdiction, not exceeding two thousand dollars."  The statute then provides for the commitment of the offender until the fine is paid, or until he gives security for his good behavior; and also disqualifies him from holding any office, &c.   The last section of the act of 1819, repeals all laws in contravention of that act. The question arises, how far the act of 1819 repeals that of 1807; in the determination of which, the penalties in

JULY 1828.

Smith
v.
The State. ·

a Laws Ala. 261.
b Ibid. 263.

each statute will afford much aid in coming to a correct conclusion as to what the Legislature intended by the passage of the law of 1819. The penalty inflicted by the law of 1807, for a mere challenge, being greater than that inflicted by the law of 1819 for fighting a duel, where neither party is killed, leaves no doubt on our minds, but that the General Assembly intended by the law of 1819, to repeal that of 1807; for otherwise a person who merely challenges, would be more severely punished than those who fight, thereby subjecting the lesser offence to the severest penalty. The law then of 1807, contravening the provisions of that of 1819, and there being no provision in the law of 1819, punishing the offence of challenging to fight a duel, except the fight actually takes place, we are of opinion there is no law by which the offence of challenging to fight a duel can be punished. Because, to punish the offence as at common law, the Court must have the sole power of inflicting the punishment, which there, being unlimited, renders the common law in that respect more penal than the statute of 1819; consequently, contravening its provisions in the same manner as the law of 1807.

We are therefore of opinion, that the judgement of the Court below be reversed; and the defendant is ordered to be discharged.

JUDGE SAFFOLD not sitting.