# SUPREME JUDICIAL COURT

FOR THE

COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN,
SEPTEMBER TERM 1858, AT NORTHAMPTON.

———

PRESENT:

Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } JUSTICES.
Hon. PLINY MERRICK,

## COMMONWEALTH *vs.* BETSY DAVIS.

The eighth section of the Rev. Sts. *c.* 130, providing that keeping a house of ill fame shall be punished by imprisonment not more than two years, or by fine not exceeding $300, is repealed by *St.* 1855, *c.* 405, declaring houses of ill fame to be common nuisances, to be regarded and treated as such, and that any person convicted of keeping any such nuisance shall be punished by imprisonment not exceeding one year, or fine of not more than $1000.

Under *St.* 1855, *c.* 405, an indictment for keeping a house of ill fame is insufficient, which does not allege it to be a common nuisance.

INDICTMENT for keeping " a certain common house of ill fame " in Prescott, " resorted to for the purpose of prostitution and lewdness, against the peace and dignity of the Commonwealth, and contrary to the form of the statute in such case made and provided." The defendant, after conviction in the court of

common pleas in Hampshire, moved in arrest of judgment, be-cause the indictment did not allege that said house of ill fame was a common nuisance. *Briggs*, J. overruled the motion, and the defendant alleged exceptions.

*W. Allen, Jr.*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth. The *St.* of 1855, *c.* 405, in declaring houses of ill fame common nuisances, does but declare the common law; 4 Bl. Com. 168; and therefore does not make it necessary to allege the keeping of a common nuisance, which would have been unnecessary before the statute. *Commonwealth* v. *Ashley*, 2 Gray, 356. *Commonwealth* v. *Pray*, 13 Pick. 359. Archb. Crim. Pl. (10th ed.) 636.

But this indictment need not conform to *St.* 1855, *c.* 405; for that statute does not alter or repeal so much of the Rev. Sts. *c.* 130, § 8, as declares and describes the offence of keeping a house of ill fame, but only modifies the penalty, and establishes further remedies and new modes of proceeding against the offence. *Commonwealth* v. *Herrick*, 6 Cush. 465. *Commonwealth* v. *Wyman*, 12 Cush. 237.

METCALF, J. The indictment, on which the defendant has been convicted by verdict, alleges an offence made punishable by the Rev. Sts. *c.* 130, § 8. And as we are of opinion that this section of that chapter is repealed by *St.* 1855, *c.* 405, which was enacted before the offence, with which the defendant is charged, is alleged to have been committed, no judgment can be rendered on the verdict. That section provided that every person, who should keep such a house as is described in this indictment, should be punished by imprisonment in the county jail, not more than two years, or by fine not exceeding three hundred dollars. The *St.* of 1855, *c.* 405, declares all buildings, used as houses of ill fame, to be common nuisances, to be regarded and treated as such; and provides that every person, keeping or maintaining any such common nuisance, shall be punished by fine not ex-ceeding one thousand dollars, or by imprisonment in the county jail not more than one year. Under this statute, the imprison-ment must be less, and the fine may be greater, than could have

been imposed under the former statute. The two provisions are therefore inconsistent, and the latter repeals the former, by necessary implication. This is familiar doctrine, and has often been adjudged. In *Nichols* v. *Squire,* 5 Pick. 168, it was held that *St.* 1817, *c.* 191, which imposed a different penalty for unlawfully selling lottery tickets, from that which was imposed by *St.* 1785, *c.* 24, repealed that statute. The court there said, that when the legislature impose a second penalty for an offence, whether smaller or larger than the former one, the former is repealed by implication. See also *Hastings* v. *Aiken,* 1 Gray, 165. In *Commonwealth* v. *Kimball,* 21 Pick. 373, the defendant was indicted, on the Rev. Sts. *c.* 47, § 3, for being a seller of spirituous liquors, in a less quantity than twenty eight gallons, without being first licensed as a retailer, and was found guilty by a jury. The forfeiture for that offence was twenty dollars. After the trial, the *St.* of 1838, *c.* 157, § 1, provided that no person should, without license, sell spirituous liquors in a less quantity than fifteen gallons, on pain of forfeiting not more than twenty dollars, nor less than ten dollars. The defendant thereupon moved in arrest of judgment, on the ground that the latter statute had repealed the former, without any saving of cases pending under it. And judgment was arrested on that ground.

The English *St.* of 5 Geo. 1, *c.* 27, imposed, for the first offence of enticing and seducing artificers into foreign parts, a fine not exceeding one hundred pounds, and imprisonment three months, and, for the second offence, a fine at the discretion of the court, and imprisonment twelve months. The *St.* of 23 Geo. 2, *c.* 13, imposed for the first like offence, a forfeiture of five hundred pounds, and imprisonment twelve months, and, for the second offence, a forfeiture of one thousand pounds, and imprisonment two years. It was held that the latter statute repealed the former. Aston, J. said : " By the latter act, there is no discretion left in the court; the punishment directed in it is peremptory." *Rex* v. *Cator,* 4 Bur. 2026. In our *St.* of 1855, *c.* 405, the discretion of the court, as to the punishment for keeping a house of ill fame, is not allowed to be exercised within the same limits that were prescribed by the Rev. Sts. *c.* 130, § 8. The *St.* of

1855 is "peremptory" that a defendant shall not be sentenced to more than one year's imprisonment, whereas, by the revised statutes, he might have been imprisoned two years.

The following cases, decided in the courts of other states, recognize and affirm the doctrine of the foregoing cases : *Smith* v. *The State*, 1 Stew. 506. *Perine* v. *Van Note*, 1 Southard, 146. *Buckallew* v. *Ackerman*, 3 Halst. 48. *The State* v. *Woodside*, 9 Ired. 496. *Commonwealth* v. *Cromley*, 1 Ashm. 179. *Leighton* v. *Walker*, 9 N. H. 59.

The *St.* of 1838, *c.* 157, which was held, in *Commonwealth* v. *Kimball*, above cited, to have repealed § 3 of *c.* 47 of the revised statutes, contained a section in these terms : " The provisions of all laws now in force, inconsistent with this act, are hereby repealed." And the court, in that case said that as the penalty imposed by the later statute was inconsistent with that which was imposed by the earlier one ; the repeal resulted from the terms of the later statute; and therefore it was unnecessary to consider how far one statute operates as a repeal of another, by implication. But the decision must have been the same, if there had been no repealing clause in the later statute. This is shown by all the other cases which we have already cited, in none of which did the later statute contain any clause repealing the earlier. Provisions in a later statute, that are inconsistent with those in a former, repeal, by necessary implication, those in the former, as effectually as if a clause of repeal were added.

It was said by Eyres, J., in *Harcourt* v. *Fox*, 1 Show. 520, that " statutes introductive of a new law, penned in the affirmative, do always repeal former statutes concerning the same matter as implying a negative ;" and for this he cites the earlier books. In Dwarris on Sts. (2d ed.) 530, 531, it is laid down that " every affirmative statute is a repeal of a precedent affirmative statute, where its matter necessarily implies a negative." See also 6 Dane Ab. 591 ; Com. Dig. Parliament, R. 9 Bac. Ab. Statute, D.

As this indictment can be maintained only on *St.* 1855, *c.* 405, which declares houses of ill fame to be common nuisances, and that any person keeping such a common nuisance shall be

punished, the court are of opinion that an indictment for that offence should, in some form, allege that such house was a common nuisance; although such allegation might have been unnecessary in an indictment under the Rev. Sts. *c.* 130, § 8.

*Judgment arrested.**

* A similar decision was made at October term 1858 in Middlesex, in the case of COMMONWEALTH *v.* OLIVIA FLOYD, in which the indictment simply averred that the defendant at a certain time and place "did keep a certain house of ill fame, then and there resorted to for the purpose of public prostitution and lewdness, against the peace," &c.

*T. H. Sweetser & W. S. Gardner,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.